### Carl F. Bartling, County Treasurer, v. The People ex rel.

1. CONSTRUCTION OF STATUTES—*Appointment of Shorthand Reporters of City Courts—Compensation.*—The act of 1887 authorizing the judges of the Circuit Courts to appoint shorthand reporters for the taking and preservation of evidence and to provide for their compensation has no application to city courts.

Mandamus, to compel the county treasurer to pay an order in favor of the shorthand reporter of the City Court of the City of Litchfield. Appeal from the City Court of the City of Litchfield; the Hon. AMOS OLLER, Judge, presiding. Heard in this court at the May term, 1900. Reversed. Opinion filed June 12, 1900. Rehearing denied December 7, 1900.

M. M. CREIGHTON, State's Attorney, and LANE & COOPER, attorneys for appellant.

McWILLIAMS & SONS, attorneys for appellee.

MR. PRESIDING JUSTICE WRIGHT delivered the opinion of the court.

Proceeding in mandamus was instituted in the City Court of Litchfield against appellant to compel him, as county treasurer of the county of Montgomery, to pay the certificate of the judge of the City Court, issued to the shorthand reporter of that court, amounting to sixty dollars. Upon the hearing the court awarded the peremptory writ of mandamus requiring payment from the county treasury of the specified sum due to the shorthand reporter of the

City Court, from which judgment appellant prosecutes this appeal.

The act of 1887 authorizes the judges of the Circuit Courts to appoint shorthand reporters for the taking and preservation of evidence and to provide for their compensation, the latter to be fixed by the judge appointing the reporter, not exceeding five dollars per day, and to be paid out of any funds of the county in the hands of the county treasurer upon certificate of the presiding judge. It is contended the provisions of this act are extended to judges of city courts by virtue of the act of 1877 in relation to city courts in which it is provided that the judges of such courts shall be vested with the same powers and perform the same duties as circuit judges, and by this contention it is sought to support the judgment of the court by which the peremptory writ of mandamus was awarded, requiring the shorthand reporter of the city court to be compensated from the county treasurer.

The only point we deem it necessary to decide, is to ascertain the legislative intent, in the passage of the statutes to which we have referred respecting the appointment and the compensation of the shorthand reporter appointed by the city court. The description of the powers and duties of judges of city courts, mentioned in the statute, must be restricted to the territorial jurisdiction of the court, in the same sense that the territorial jurisdiction of the various Circuit Courts of the several counties of the State are limited —the city court to the city, and the Circuit Court of each county to its particular county. The authority of the statute is that the several judges of the Circuit Courts in this State may appoint a shorthand reporter for their respective courts. It needs no argument to prove that the words "their respective courts" mean the Circuit Courts of the State, each of which is limited territorially by the boundary of the county in which it is held. No authority is therefore conferred by the statute to appoint or compensate a shorthand reporter for any court, the territorial jurisdiction of which is not co-extensive with the county in which the appointment is to be made.

The case of Hercules v. Railway, 141 Ill. 499, cited by counsel for appellee, is, we think, in harmony with the views we have herein expressed.

The judgment of the City Court will be reversed.